IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **BAY-HOUSTON TOWING CO.** § | | |
| Plaintiff, § | | |
| § | | |
| v. § | C.A. No. _____ | |
| § | IN ADMIRALTY, Rule 9(h) | |
| **M/V BARBARA E. BOUCHARD,** § | | |
| her engines, boilers, tackle, furniture, § | | |
| apparel, appurtenances, etc., *in rem*; § | | |
| **BARGE NO. 240,** its equipment, § | | |
| appurtenances, *in rem*; and **BOUCHARD** § | | |
| **TRANSPORTATION CO., INC.** § | | |
| *in personam* § | | |
| Defendants. § | | |

## VERIFIED ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE:

Bay-Houston Towing Co. ("Plaintiff" or "Bay-Houston"), files this Verified Original Complaint against the M/V BARBARA E. BOUCHARD, IMO No. 9053141, her engines, apparel, furniture, equipment, appurtenances, tackle, etc. ("M/V BARBARA E. BOUCHARD" or "Vessel") and Barge No. 240, ("Barge") *in rem,* and against her owners or owners pro hac vice Bouchard Transportation Co. Inc., ("Bouchard") *in personam*, seeking damages and enforcement of its maritime lien, and alleges and pleads as follows:

## JURISDICTION AND VENUE

1. This Complaint presents maritime claims within the meaning of Federal Rule of Civil Procedure 9(h) and Supplemental Admiralty Rules B and C.

2. This Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1333. This is an action for breach of maritime contracts for maritime services and to enforce maritime liens.

3. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b)(2) and (b)(3) and Supplemental Admiralty Rules B and C.

4. Plaintiff invokes the maritime procedures and special relief provided in Rules B and C of the Supplemental Rules for Admiralty or Maritime Claims & Asset Forfeiture

Actions ("Admiralty Rules") of the Federal Rules of Civil Procedure for the arrest of the M/V BARBARA E. BOUCHARD and Barge No. 240 and the attachment and garnishment of certain charter hire as detailed herein.

## PARTIES

5. At all times material hereto, Bay-Houston was and still is a Texas corporation, with its principal place of business located at 2243 Milford, Houston, TX 77253.

6. *In rem* Defendant *M/V BARBARA E. BOUCHARD* is a towing vessel which is currently located within this District, and more particularly at the port of Corpus Christi, Texas.

7. *In rem* Defendant Barge No. 240 is a vessel which is paired and traveling with the M/V BARBARA E. BOUCHARD, which is currently located within the District, and more particularly at the port of Corpus Christi, Texas.

8. The in rem Defendants, M/V BARBARA E. BOUCHARD and Barge No. 240, constitute an articulated tug and barge unit, with the Barge No. 240 acting as the tank vessel and the M/V BARBARA E. BOUCHARD acting as the tug boat, propelling and maneuvering the barge. The M/V BARBARA E. BOUCHARD is positioned into a notch in the stern of the barge. They are meant to operate in tandem.

9. *In personam* Defendant Bouchard is a corporation organized and existing under the law of New York, with its principal place of business located in Melville, New York. Service of process may be made by serving Morton S. Bouchard III at 58 South Service Rd, Suite 150, Melville, New York, 11747.

## FACTS

10. BAY-HOUSTON brings this action in order to recover money indisputably due and owing to it for necessaries and services provided to Bouchard vessels, specifically including tug assistance in the berthing and unberthing of Bouchard vessels.

11. BAY-HOUSTON is a tug company that engages in providing ship assist services and escort services to vessels of any size operating in the ports of Houston, Galveston, Texas City, Freeport, and Corpus Christi.

12. Bouchard is a barge company, which owns and operates vessels for the purpose of marine transportation of petroleum and other materials.

13. Bouchard has contracted with BAY-HOUSTON for BAY-HOUSTON to provide harbor tugs to assist berthing and unberthing many of Bouchard's vessels, including but not limited to the berthing and unberthing of the M/V BARBARA E. BOUCHARD and Barge No. 240.

14. For the berthing/unberthing towing services that BAY-HOUSTON performs for Bouchard, invoices are generated and sent to Bouchard.

15. All of the are invoices that are a subject of this Complaint ("Invoices") are for necessaries that were (1) requested by Bouchard, (2) provided by BAY-HOUSTON, (3) received/accepted by Bouchard, but (4) not paid by Bouchard.

16. These Invoices are fair and reasonable for the harbor tug services provided to the M/V BARBARA E. BOUCHARD, Barge No. 240, and to other Bouchard vessels.

17. Bouchard has never complained or refuted the charges made in the Invoices in question in this case.

18. BAY-HOUSTON has made multiple formal demands upon Bouchard to pay the Invoices in question.

19. Bouchard has made partial payments and promised to make further payments, but the Invoices in question remain past due, outstanding, and unpaid.

20. As of the date of this Complaint, Bouchard owes BAY-HOUSTON a total of $161,945.17. *See* Exhibit A, copy of Accounts Receivable Aging Report as of October 17, 2019.

21. BAY-HOUSTON services are subject to the terms and conditions as detailed in BAY-HOUSTON's published Tariff, which can be found on BAY-HOUSTON's website http://www.bayhouston.com/pdf/2019tariff.pdf. A true and correct copy of the Tariff is attached as Exhibit B.

22. According to the BAY-HOUSTON Tariff, "payment terms are 30 days from invoice date and outstanding amounts are subject to the maximum legal interest rate." Exhibit B, p. 3.

23. Furthermore, BAY-HOUSTON is "entitled to recover all costs associated with the collection of overdue invoices including reasonable and associated fees and court costs." Exhibit B, p. 3.

24. BAY-HOUSTON performed all conditions precedent to warrant full and complete payment for the aforementioned Invoices and services.

25. Payment of all sums has been duly demanded by BAY-HOUSTON from Bouchard. However, to date, the M/V BARBARA E. BOUCHARD and Barge No. 240, and its owner, Bouchard, have neglected, failed or otherwise refused to pay the outstanding aggregate sum of $161,945.17, plus interest and fees, which is indisputably due and owing to BAY-HOUSTON for the tug services provided.

26. By virtue of BAY-HOUSTON's furnishing of "necessaries" to Bouchard's vessels within the meaning of the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31301 et seq., BAY-HOUSTON has maritime liens on the Bouchard vessels for the full amount of its claim, including a maritime lien on the M/V BARBARA E. BOUCHARD and Barge No. 240 for the services provided to the Vessel and Barge.

27. BAY-HOUSTON seeks an order of arrest of M/V BARBARA E. BOUCHARD and Barge No. 240, including their engines, tackle, equipment, apparel, etc, *in rem*, in

accordance with Admiralty Rules B and C because these vessels can be found within this District.

## CAUSES OF ACTION

### A. BREACH OF CONTRACT

28. Plaintiff repeats and re-alleges each and every allegation contained in all proceedings paragraphs and incorporates those allegations herein.

29. Each time Bouchard requested harbor tug services from BAY-HOUSTON, BAY-HOUSTON and Bouchard entered into a contract for BAY-HOUSTON to provide tugs to assist Bouchard vessels berth and unberth at certain terminals, including but not limited to providing tug services to the M/V BARBARA E. BOUCHARD and Barge No. 240, along with several other Bouchard owned and operated vessels. These contracts for harbor tug services are maritime contracts.

30. BAY-HOUSTON performed the work it was contracted to perform as indicated in the Invoices in question and in the A/R Aging Report attached as Exhibit A.

31. Bouchard, however, has not performed its contractual obligations to pay for the services provided and accepted on behalf of the M/V BARBARA E. BOUCHARD and Barge No. 240, along with several other Bouchard owned and operated vessels.

32. Bouchard's nonperformance and failure to pay the Invoices is a breach of the parties' agreements.

33. As a result of this breach, Bouchard owes the amounts due per the Invoices, in addition to penalties and interest.

34. As of the date of this filing, Bouchard owes $161,945.17 for the services provided to the M/V BARBARA E. BOUCHARD and Barge No. 240, along with several other Bouchard owned and operated vessels. *See* Exhibit A. Bouchard's breach of maritime

contracts caused damage to BAY-HOUSTON for the full principal amount of the Invoices, plus interest, plus attorney fees and all costs incurred to collect this debt.

### B. RULE B ATTACHMENT OF VESSEL

35. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

36. Bouchard's breach of the agreements with BAY-HOUSTON and its failure to pay the Invoices give rise to an *in personam* maritime claim against Bouchard for breach of maritime contract in favor of BAY-HOUSTON for all damages caused by Bouchard's breach.

37. The damages suffered by BAY-HOUSTON have been described in preceding paragraph 25 and are detailed in Exhibit A, and the damages for which Bouchard is liable to BAY- HOUSTON include the full principal amount of the Invoices, plus interest, plus attorney fees and all costs incurred to collect this debt.

38. Upon information and belief, and after investigation, neither Bouchard nor its officers or principals can be found within this judicial district for the purposes of Admiralty Rule B.

39. Although Bouchard cannot be found within the District, it does own tangible and intangible property that is now, or soon will be, within the jurisdiction of this Honorable Court.

40. Specifically, BAY-HOUSTON avers on information and belief that Bouchard is the owner, bareboat charterer, or owner pro hac vice of the M/V BARBARA E. BOUCHARD and Barge No. 240, which is currently within this District.

41. BAY-HOUSTON moves this Court to issue a Warrant Attaching the M/V BARBARA E. BOUCHARD and Barge No. 240 to secure and pay any judgment rendered in this case against Bouchard for Bay-Houston's causes of action for breach of maritime contract.

## C. RULE B ATTACHMENT OF CHARTER HIRE

42. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

43. Although Bouchard cannot be found within this District, it does own tangible and intangible property that is now, or soon will be, within the jurisdiction of this Honorable Court.

44. Specifically, BAY-HOUSTON avers on information and belief that Bouchard is owed charter hire by Novum Energy Trading, Inc. ("Novum"), because Novum currently time charters at least one vessel owned and operated by Bouchard.

45. Garnishee Novum is located in this District. The charter hire that Novum regularly pays and owes to Bouchard is a debt owned by Bouchard that is currently in the hands of Garnishee, Novum, located within the jurisdiction of this Court.

46. BAY-HOUSTON moves this Court to issue a Warrant of Garnishment of the Charter Hire owed to Bouchard by Novum to secure and pay any judgment rendered in this case against Bouchard for Bay-Houston's causes of action for breach of maritime contract.

## D. RULE C ARREST OF VESSEL

47. Plaintiff repeats and re-alleges each and every allegation contained in all proceeding paragraphs and incorporates those allegations herein.

48. As a result of the failure of M/V BARBARA E. BOUCHARD and Barge No. 240 and its owner, Bouchard, to pay BAY-HOUSTON for the tug services provided to the M/V BARBARA E. BOUCHARD and Barge No. 240, and its owner, Bouchard, under the terms of BAY-HOUSTON's contract and Tariff and also by operation of law, BAY-HOUSTON's claim for the amount of $7,646.73 plus interest and fees attaches a maritime lien on the M/V BARBARA E. BOUCHARD and Barge No. 240 in favor of BAY-HOUSTON, and is enforceable by suit *in rem.*

49. Accordingly, BAY-HOUSTON seeks to enforce its maritime lien pursuant to Admiralty Rule C by arresting the M/V BARBARA E. BOUCHARD and Barge No. 240.

## ATTORNEY'S FEES

50. As a result of Bouchard's breach, and its failure and refusal to pay for the services provided and the Invoices in question as evident by the A/R Aging Report attached as Exhibit A, BAY-HOUSTON has been forced to retain legal counsel and seeks reimbursement for its reasonable attorney fees as provided for in BAY-HOUSTON's Tariff and as required by the laws of the Honorable Court.

## PRAYER FOR RELIEF

WHEREFORE PREMISES CONSIDERED, Bay-Houston Towing Co. prays as follows:

a)  That this Verified Complaint be deemed good and sufficient;

b)  That process in due form of law, according to the practice of this Honorable Court in cases of admiralty and maritime jurisdiction, be issued against the M/V BARBARA E. BOUCHARD and Barge No. 240, *in rem,* and Bouchard Transportation, Co., Inc., *in personam*, citing them to appear and answer under oath, all and singular, the matters alleged in the Verified Complaint;

c)  That pursuant to Admiralty Rules B and C, this Court issue an Order directing the clerk of Court to issue a Warrant of Maritime Arrest and Attachment, arresting the M/V BARBARA E. BOUCHARD and Barge No. 240, their apparel, equipment, engines, freight, tackle, etc.;

d)  That a warrant for the arrest and attachment of the M/V BARBARA E. BOUCHARD and Barge 240 be issued and that the Vessel and Barge be seized by the U.S. Marshal to be held as security against any judgment to be entered herein against the M/V BARBARA E. BOUCHARD and Barge No. 240, *in rem* and against Bouchard in personam;

e)   That after due proceedings, judgment be entered in favor of BAY-HOUSTON and against the M/V BARBARA E. BOUCHARD and Barge No. 240, *in rem,* and against Bouchard Transportation Co., Inc., in personam, for the amount of $161,945.17 plus prejudgment interest, post-judgment interest, costs, attorney fees, and disbursements for this case;

f)   That the M/V BARBARA E. BOUCHARD and Barge 240, *in rem,* after her arrest be condemned and sold, free and clear of all liens and encumbrances, to satisfy the judgment, and that the Court award BAY-HOUSTON out of the proceeds of the said sale the full amount of its claim, together with interest, costs, and attorney's fees;

g)   That pursuant to Supplemental Admiralty Rule B, process of maritime attachment and garnishment issue against the funds owed to Bouchard Transportation Co. Inc., by Novum Energy Trading, Inc. ("Novum") for charter hire relating to the time charter of Bouchard vessels by Novum, up to the amount $161,945.17, plus accrued interest; and,

h)   That the Court grant BAY-HOUSTON such other and further relief as may be just, equitable, and proper.

Respectfully submitted,

**HOLMAN FENWICK WILLAN USA LLP**

*/s/ Christopher R. Hart*
Christopher R. Hart
Fed. ID No. 12517
Texas: 09136310
Alejandro Mendez- Roman
Fed.ID No. 2295449
Texas: 24102778
5151 San Felipe, Suite 400
Houston, Texas 77056
Telephone:    (713) 917-0888
Telefax:       (713) 953-9470
**ATTORNEY-IN-CHARGE**
**FOR BAY-HOUSTON TOWING CO.**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY-HOUSTON TOWING CO. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | IN ADMIRALTY, Rule 9(h) |
| M/V BARBARA E. BOUCHARD, | § | |
| her engines, boilers, tackle, furniture, | § | |
| apparel, appurtenances, etc., in rem; | § | |
| BARGE NO. 240, its equipment, | § | |
| appurtenances, in rem; and BOUCHARD | § | |
| TRANSPORTATION CO., INC. | § | |
| in personam | § | |
|     Defendants. | | |

## VERIFICATION OF COMPLAINT

Pursuant to 28 U.S.C. § 1746, Kevin Lenz declares:

1. I am employed by BAY-HOUSTON TOWING CO., the Plaintiff in the above captioned dispute. My job title is Vice President – Marine Division.

2. I have read the foregoing Original Verified Complaint and know the contents thereof.

3. The facts asserted in paragraphs 5 through 27 of the Original Verified Complaint, and any other facts asserted in the Complaint, are true and correct within my personal knowledge, information, and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: ~~October ___, 2019~~ November 7, 2019 *KL*
Houston, Texas

Signed: _____ 11-7-2019
Kevin Lenz,
Vice President – Marine Division,
Bay-Houston Towing Co.

10

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BAY-HOUSTON TOWING CO. | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. _____ |
| | § | IN ADMIRALTY, Rule 9(h) |
| M/V BARBARA E. BOUCHARD, | § | |
| her engines, boilers, tackle, furniture, | § | |
| apparel, appurtenances, etc., in rem; | § | |
| BARGE NO. 240, its equipment, | § | |
| appurtenances, in rem; and BOUCHARD | § | |
| TRANSPORTATION CO., INC. | § | |
| in personam | § | |
|     Defendants. | § | |

## AFFIDAVIT

State of Texas §
§
County of Harris §

    BEFORE ME, the undersigned authority, on this day personally appeared Christopher R. Hart, who after being duly sworn, deposed and stated as follows:

    "I am an attorney with the firm of HOLMAN FENWICK WILLAN USA LLP, and one of the attorneys for the Plaintiff in this case.

    I and co-counsel, Mr. Alejandro Mendez-Roman, have personally inquired into Bouchard Transportation Co. Inc.'s presence in this district. Based on a search of the online records of the Secretary of State for the State of Texas, Bouchard Transportation Co. Inc. is not registered to conduct business within the State of Texas, and has no agent for service of process within the Southern District of Texas. Having searched the telephone company directory it was determined that Bouchard Transportation Co. Inc. does not have a telephone listing in the State of Texas. It is the best of my information and belief, based upon this investigation, that Bouchard Transportation Co. Inc. cannot be found within this district for purposes of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure."

                                                                                           Christopher R. Hart

    SWORN TO AND SUBSCRIBED before me by the said Christopher R. Hart, this the 10th day of December 2019, to certify which witness my hand and seal of office.

                                                                            Notary Public in and for
                                                                            The State of Texas



BELINDA ANNE ELLENDER
Notary Public, State of Texas
Comm. Expires 01-23-2023
Notary ID 130081720